IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BEVERLY J. FALKNER,

    Plaintiff,

vs.                                    No. 13-2298-JDT-cgc

UNITED STATES GOVERNMENT,

    Defendant.

## REPORT AND RECOMMENDATION

On May 10, 2013, Plaintiff Beverly J. Falkner, a resident of Memphis, Tennessee, filed a *pro se* complaint captioned "Violation of Civil Rights, Tampering with Court Documents, Defamation of Character", accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries ("D.E.") 1 & 2.) In an order issued on May 16, 2013, the Court granted leave to proceed *in forma pauperis*.

The complaint in its entirety alleges that

> "1. Case Number 11-2982-JTF, VA Medical Center, was filed November 3, 2011, process has been hindered, causing me great hardship.
>
> Plaintiff prays for payment for compensatory damages for the maximum amount allowed."

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action─

    (i)              is frivolous or malicious;

    (ii)            fails to state a claim on which relief may be granted; or

    (iii)      seeks monetary relief against a defendant who is immune from such relief.

1

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461 (2011).

Plaintiff's complaint does not comply with Fed. R. Civ. P. 8(a)(1), which requires that "[a] pleading that states a claim for relief" contain "a short and plain statement of the grounds for the court's jurisdiction." The instant complaint does not reference any statutory authority for her claim nor does it include any jurisdictional allegations. The action referenced in the complaint, 11-2982, was dismissed on July 6, 2012 (11-cv-2982, D.E. 35) as to the FTCA claims for want of subject matter jurisdiction and failure to file the certificate of good faith required by the TMMA. Other claims in the complaint were dismissed without prejudice for failure to state a claim on which relief may be granted.

If it was Plaintiff's intent to state a claim under 42 U.S.C. § 1983, the Complaint is fatally deficient. To state a claim under 42 U.S.C. § 1983,[1] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). While Plaintiff named the United States Government in the caption, she has not stated in the Complaint what action the United States Government took to deprive her of rights secured by the "Constitution and laws" of the United States.

Further, Plaintiff's claims are time barred. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007); *see also* Wilson v. Garcia, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tennessee Code Annotated § 28-3-104(a). Roberson v. Tenn., 399 F.3d 792, 794 (6th Cir. 2005); Hughes v. Vanderbilt Univ., 215 F.3d 543, 547 (6th Cir. 2000); Berndt v. Tenn., 796 F.2d 879, 883 (6th Cir. 1986). Plaintiff's complaint was signed on May 10, 2013 so all claims arising earlier than May 10, 2012 are time barred. The only date mentioned in the complaint is November 3, 2011, well more than one year before Plaintiff commenced this action.

Likewise, Plaintiff has failed to state a claim for defamation of character. "The law of defamation includes both slander, which is spoken, and libel, which is written." Watson v. Fogolin, No. M2009–00327–COA–R3–CV, 2010 WL 1293797, at *4 (Tenn.Ct.App. Apr. 1, 2010) (citation omitted). The applicable statute of limitations for libel is one year, Tenn. Code

---

[1] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Ann. § 28–3–104(a)(1), and the applicable statute of limitations for slander is six months, Tenn. Code Ann. § 28–3–103. Plaintiff does not state which form of defamation she was the victim of, the contents of the publication or the date of the publication.

There is no civil cause of action for "tampering with court documents." To the extent that Plaintiff believed that there was spoliation of evidence in 11-2982, that question should have been raised in a discovery motion in that case. No such motion was made in that case and the time for appeals has lapsed.

Therefore, it is RECOMMENDED that the Court DISMISS the complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court

5

CERTIFIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 16th day of May, 2013.

                                              s/ Charmiane G. Claxton
                                              CHARMIANE G. CLAXTON
                                              UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**